Moore, J.
On the 11th day of February, 1892, Addie E. Nelson made her complaint before a justice of the peace of Hancock county, charging that she was an unmarried woman; that she was pregnant with a bastard child, and that Frank H. Helfer was the father of said child.
Helfer was arrested, and upon examination, required to appear and answer.
At the October term, 1892, of the court of common pleas, trial was had resulting in a verdict of guilty. The court adjudged Helfer to be the reputed father of the child, and ordered him to pay $100 and costs of the prosecution.
To reverse such judgment, this proceeding in error is now prosecuted.
A single question is presented by the record in this case.
The bill of exceptions discloses that the complainant was an unmarried woman; that on November 24, 1891, she had sexual intercourse with Frank H. Helfer, and became pregnant with a bastard child ; that on the 16th day of February, 1892, she was delivered of a dead fcetus or embryo child, being some twelve weeks after conception.
The defendant offered no testimony at the trial. At the conclusion of the complainant’s evidence, the defendant asked the court to charge the jury : “That the facts, as proven by the complainant, do not sustain the charge of bastardy under *264 the statutes of Ohio, and that there has been an entire failure of proof to sustain, such charge,” — which was refused, and to which refusal the defendant excepted.
The court did charge: “That if the jury find from the evidence, that if the complainant was delivered of a fcetus or embryo child, and that the defendant was the author and begetter of such foetus or embryo child, then the defendant is guilty as charged, though said foetus or embroyo child may not have been at the time of its delivery, of such an age as to be quick with life,” — to which charge the defendant excepted.
The question presented is, whether the reputed father of a bastard child is to be held liable under the statute, under the facts disclosed by this record.
Section 5614 Rev. Stat., provides that an unmarried woman, who has been delivered of or is pregnant with a bastard child, may make complaint, etc.
By section 5621, it appears that the trial shall not proceed until the child is born. It provides for a continuance of the cause for that reason.
Section 5626 provides: that upon a plea of guilty, or verdict finding the accused guilty, he shall be adjudged the reputed father of the bastard child, and shall stand charged with the maintenance therefor, in such sum as the court may order and direct.
Section 5628 provides: that the death of the mother shall not abate the prosecution, if the child is living ; but the name of the child shall be substituted upon the record for that of the mother, and a guardian ad litem appointed, etc.
Section 5629 provides: that the death of a bastard child shall not be cause of abatement or bar, to a prosecution for bastardy, if the mother be living, but shall be taken into consideration by the court in determining its judgment, etc.
Section 5630 provides: that if the child die after judgment, and before the expiration of the time limited for the last *265 payment of the amount ordered by the court, the court may? on motion, make a reduction in consequence of such death.
I have noted the provisions of the statute, for the purpose of calling attention to the fact, that the sole object and purpose of the legislature is to provide for the maintenance of the child. In addition it might be added, that by section 5637, when a mother of a bastard child fails to prosecute, or fails to carry on a prosecution commenced, and no security is given for the child’s maintenance — the trustees of a township, or treasurer of a municipal corporation, or county infirmary directors interested, may institute a prosecution or carry on one already commenced’against the person accused, etc.
It is readily observed that the whole remedy provided for, and object to be obtained under such remedy, is the maintenance of the bastard child.
It can hardly be claimed, that a dead fcetus or embryo child, expelled from the womb of the mother within twelve weeks after conception, is a child within the meaning of the Bastardy Act. To sustain the judgment of the court below, such would have to be the construction to be placed upon the statute.
Such fcetus or embryo child, is hot the subject of maintenance. ■ It has and can have no life or existence, separate from that of the mother. No bastard child was born or existed.
The defendant in error relies, to some extent, on the case, of Hinton v. Dickinson, (19 Ohio St. 583.) In that case the child was born alive, and died before the trial. The court simply held that the prosecution did not abate by reason of the death of the child pending the prosecution. That the judgment was proper, because costs had been incurred and in addition ' the expenses attending the birth of the child and its maintenance and care while it lived, and its burial should be provided for.
There is no intimation by the court, that if the birth of the *266 child had. been premature, or that if it had not been born alive, the suit would not have abated.
George W. Boss, attorney for plaintiff in error.
Theodore Totten, attorney for defendant in error.
We hold : Mirst — The case presented upon this record, is not provided for by statute. Second — The court below erred in its refusal to charge the jury as requested by the defend-: ant, and Third — The court erred in the charge given to the jury.
For these reasons the judgment below will be reversed, at the costs of the defendant in error.
Execution awarded. Cause remanded for execution for costs and further proceedings according to law.