## SELDENRIGHT v JENKINS

Ohio Probate Court, Tuscarawas Co

Decided Nov 17, 1936

Reed & Reed, Uhrichsville, for complainant.

Bowers, Stafford & Bowers, New Philadelphia, for defendant.

## OPINION

By LAMNECK, J.

On March 28, 1936, Marie Seldenright filed an affidavit of bastardy against one Carl Jenkins of Midvale, Ohio, in this court. To this charge, the accused entered a plea of not guilty.

On May 25, 1936, the complainant gave premature birth to a dead female child, or what is commonly termed a "still-birth child." If the child had been born alive, it was fully enough developed to have been a fully viable child.

Thereafter, the accused filed a motion to dismiss, alleging that the action had abated because the complainant was delivered of a dead child. That is the issue before the court.

Before the bastardy statutes were amended in 1923, 110 O. L., 296, it was held that an action in bastardy abated if a dead foetus or embryo child was born because such a birth was not a bastard child within the meaning of the statutes. Accordingly, there was no right to recovery, because the statutes then in effect were designed to compel the putative father to maintain the child. (See Helfer v Nelson, 7 O.C.C. 623, 4 O.C.D. 587; Patterson v Bucy, 6 O.D.R. 723; Hinton v Dickinson, 19 O.D. 583; 5 Ohio Jur. 556).

Under former §12114, GC, it was provided that a case could be compromised by the payment, by the accused, of such sum of money as the complainant agreed to receive, and provided the accused gave a bond unto the state, with sufficient surety, approved by the court, conditioned that the child would not become a public charge.

Former §12123, GC, provided that on a plea of guilty, or after the accused was found guilty, the accused should be adjudged the reputed father of the bastard child, and stand charged with its maintenance in such sum as the court ordered.

Under present §12114, GC, a case can be compromised if the accused pays to the complainant such sum of money or property as she agrees to accept in full satisfaction of her individual claims, but such agreement does not release an accused from supporting the child.

Under present §12123, GC, if the accused pleads guilty or is found guilty, the court adjudges him the reputed father, and makes an order for expenses of the complainant caused by pregnancy and childbirth. Whatever sum the court fixes does not release the accused from supporting the child after child birth.

·Thus, it will be seen that before the amendments of 1923, the primary object of a bastardy proceeding was to provide for the support of the bastard child after birth, and no allowance was made for expenses of pregnancy and childbirth.

Under present statutes, a bastardy proceeding has for its primary object the fixing of a sum of money to be paid by the accused to the complainant "for her support, maintenance, and necessary expenses caused by pregnancy and childbirth."

Even if an accused is found guilty in a bastardy proceeding, the judgment in the bastardy proceeding cannot be introduced in evidence in a prosecution for non-support, and an accused can defend a non-support action on the ground he is not the father of a bastard child, even after a finding of guilty in a bastardy proceeding. See **Gee v State, 60 Oh St 485; 55 NE, 48.**

Likewise, an action for non-support of an illegitimate child can now be maintained without resorting to a bastardy proceeding. (§1655, GC).

Under the provisions of §12110, GC, the complainant must be an "unmarried woman," and have been "delivered of or pregnant with a bastard child." After the birth of a still-born child, a complainant cannot comply with these conditions relative to such child, because she has not been "delivered of a bastard child" as the word child is commonly used, nor is she pregnant "with a bastard child."

In order for a complainant to maintain an action for support, maintenance and necessary expenses caused by pregnancy, the complaint must be filed before the dead foetus was expelled from the mother's womb.

The court is, therefore, of the opinion that this action does not abate, because the complainant gave birth to a still-born child, as the complaint was filed long before the dead foetus was born, and that she is entitled to a trial to determine whether she is entitled to a judgment "for support, maintenance and necessary expenses caused by pregnancy," as provided for under §12123, GC.

The motion to dismiss will, therefore, be overruled. Exceptions noted.